IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GUY CHRISTENSEN, | : | |
| | : | |
| *Plaintiff,* | : | Case No. 2:25-CV-1062 |
| | : | |
| v. | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| WALTER "TED" CARTER JR., et al. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| *Defendants.* | : | |

---

### ANSWER OF DEFENDANTS

---

DAVID J. CAREY (0088787)
CARLEN ZHANG-D'SOUZA (0093079)
ACLU of Ohio Foundation, Inc.
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
(308) 215-1972
dcarey@acluohio.org
czhangdsouza@acluohio.org

FREDA J. LEVENSON (0045916)
AMY GILBERT (0100887)
ACLU of Ohio Foundation, Inc.
4506 Chester Avenue
Cleveland, Ohio 44103
(216) 541-1376
(216) 770-6704
flevenson@acluohio.org
agilbert@acluohio.org

*Counsel for Plaintiffs*

DAVE YOST (0056290)
Ohio Attorney General

GREGORY A. RUSTICO (0104103)
JULIE M. PFEIFFER* (0096762)
 *Counsel of Record
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Gregory.Rustico@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GUY CHRISTENSEN, | : | |
| | : | |
| *Plaintiff,* | : | Case No. 2:25-CV-1062 |
| | : | |
| v. | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| WALTER "TED" CARTER JR., et al. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| *Defendants.* | : | |

---

### ANSWER OF DEFENDANTS
---

Now come Defendants Walter Carter, Melissa Shivers, and Ryan Hunt (collectively, "Defendants"), and for their Answer to Plaintiff's Complaint, state as follows:

1. Defendants admit that Plaintiff purports to bring an action pursuant to the United States Constitution and that this Court has subject matter jurisdiction to hear those claims. Defendants deny that Plaintiff is entitled to any relief.

2. Defendants admit that this Court has personal jurisdiction over Defendants and that all acts by Defendants took place in the State of Ohio.

3. Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)–(2). Defendants further admit that the actions and alleged actions by Defendants occurred in this judicial district and that Defendants reside in this district.

4. Defendants admit Plaintiff was enrolled at the Ohio State University but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore deny the same.

5. Defendants admit that Defendant Ted Carter is the President of the Ohio State University who exercises authority delegated through Ohio Admin. C. 3335-23-22. Further answering, Ohio Admin. Co. 3335-23-22 speaks for itself. The remaining allegations contain legal conclusions to which no response is required.

6. Defendants admit that Defendant Melissa Shivers is the Senior Vice President for Student Life for the Ohio State University who exercises authority delegated through Ohio Admin. C. 3335-23-22. Further answering, Ohio Admin. C. 3335-23-22 speaks for itself. The remaining allegations in Paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny that any violations, constitutional or otherwise, occurred.

7. Defendants admit that Defendant Ryan Hunt is the Registrar for the Ohio State University. The remaining allegations contain legal conclusions to which no response is required.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny the same.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny the same.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny the same.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny the same.

13. Defendants admit that Plaintiff was named to the Dean's List in spring 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendants admit that Plaintiff posted videos to various social media accounts. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore deny the same.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit that Plaintiff was not enrolled for Summer 2025 classes. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny the same.

21. Defendants admit that Plaintiff posted a video to social media on or about May 22, 2025. Further answering, the content of the referenced video speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore deny the same.

22. Defendants admit that Plaintiff posted a second video to social media on or about May 22, 2025. Further answering, the content of the referenced video speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore deny the same.

23. The content of the video referenced in Paragraph 23 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore deny the same.

24. The content of the video referenced in Paragraph 24 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore deny the same.

25. The allegations in Paragraph 25 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27. The allegations in Paragraph 27 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28. The allegations in Paragraph 28 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29. The content of the video referenced in Paragraph 29 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore deny the same.

30. The content of the video referenced in Paragraph 30 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore deny the same.

31. Defendants admit that Plaintiff was not taking classes at the Ohio State University on May 22, 2025, when he posted videos to social media. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore deny the same.

32. Defendants admit that Plaintiff posted a video to social media on or about May 22, 2025. Further answering, the content of the referenced video speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore deny the same.

33. The content of the video referenced in Paragraph 33 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore deny the same.

34. The content of the video referenced in Paragraph 34 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore deny the same.

35. The allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37. The allegations in Paragraph 37 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

38. The allegations in Paragraph 38 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39. The content of the video referenced in Paragraph 39 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and therefore deny the same.

40. The content of the video referenced in Paragraph 40 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore deny the same.

41. Defendants admit that Plaintiff was not taking classes at the Ohio State University on May 22, 2025, when he posted videos to social media. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore deny the same.

42. Defendants admit that Plaintiff posted a video to social media on or about May 23, 2025. Further answering, the content of the referenced video speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore deny the same.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny the same.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore deny the same.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore deny the same.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny the same.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny the same.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny the same.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny the same.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny the same.

51. The messages referenced in Paragraph 51 speak for themselves.

52. The message referenced in Paragraph 52 speaks for itself.

53. The message referenced in Paragraph 53 and Section 3335-23-20 of the Code of Student Conduct speak for themselves.

54. The allegations in Paragraph 54 contain legal conclusions to which no response is required. Further answering, the referenced letter speaks for itself.

55. The allegations in Paragraph 55 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56. The letter referenced in Paragraph 56 speaks for itself.

57. The letter referenced in Paragraph 57 speaks for itself.

58. The letter referenced in Paragraph 58 speaks for itself.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny the same.

60. The letter referenced in Paragraph 60 speaks for itself.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61. Further answering, the letter referenced in Paragraph 61 speaks for itself.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62. Further answering, the letter referenced in Paragraph 62 speaks for itself.

63. The letter referenced in Paragraph 63 speaks for itself.

64. The email referenced in Paragraph 64 speaks for itself.

65. The email communications referenced in Paragraph 65 speak for themselves.

66. The email communications referenced in Paragraph 66 speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff planned to do.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny the same.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny the same.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny the same.

70. The content of the video referenced in Paragraph 70 speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore deny the same.

71. The content of the video referenced in Paragraph 71 speaks for itself. The remainder of Plaintiff's allegations in Paragraph 71 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 71.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny the same.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore deny the same.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore deny the same.

75. The message referenced in Paragraph 75 speaks for itself.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore deny the same.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny the same.

79. The letter referenced in Paragraph 79 speaks for itself.

80. The letter referenced in Paragraph 80 speaks for itself.

81. The allegations in Paragraph 81 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 81. Further answering, the letter referenced in Paragraph 81 speaks for itself.

82. The letter referenced in Paragraph 82 speaks for itself.

83. The letter referenced in Paragraph 83 speaks for itself.

84. The letter referenced in Paragraph 84 speaks for itself.

85. The letter referenced in Paragraph 85 speaks for itself.

86. The allegations in Paragraph 86 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 86. Further answering, the letter referenced in Paragraph 86 speaks for itself.

87. Defendants admit the allegations in Paragraph 87.

88. The allegations in Paragraph 88 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 88.

89. The allegations in Paragraph 89 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 89.

90. The content of the May 25, 2025, letter informing Plaintiff of the terms of his interim suspension speaks for itself. The remaining allegations in Paragraph 90 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 90.

91. The allegations in Paragraph 91 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92. Defendants deny allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. The excerpted portion of the letter referenced in Paragraph 94 speaks for itself. The remaining allegations in Paragraph 94 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. The excerpted portion of the letter referenced in Paragraph 97 speaks for itself. Defendants deny the remaining allegations in Paragraph 97.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore deny the same.

99. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore deny the same.

100. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore deny the same.

101. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore deny the same.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore deny the same.

103. The email communication referenced in Paragraph 103 speaks for itself.

104. The email communication referenced in Paragraph 104 speaks for itself.

105. Defendants admit that Plaintiff submitted a petition for re-enrollment. The remaining allegations contain legal conclusions to which no response is required.

106. The allegations in Paragraph 106 contain legal conclusions to which no response is required.

107. The excerpted portion of the email communication referenced in Paragraph 107 speaks for itself. Defendants deny the remaining allegations as legal conclusions to which no response is required.

108. Defendants deny the allegations in Paragraph 108.

109. The letter referenced in Paragraph 109 speaks for itself.

110. Defendants incorporate the responses in the Paragraphs above.

111. The allegations in Paragraph 111 contain legal conclusions to which no response is required. Further answering, *Texas v. Johnson*, 491 U.S. 397, (1989) and *Matal v. Tam*, 582 U.S. 218 (2017), speak for themselves, and Defendants deny any allegations that misconstrue those cases.

112. The allegations in Paragraph 112 contain legal conclusions to which no response is required. Further answering, *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819 (1995), speaks for itself, and Defendants deny any allegations that misconstrue that case.

113. The allegations in Paragraph 113 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114. The allegations in Paragraph 114 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115. The allegations in Paragraph 115 contain legal conclusions to which no response is required. Further answering, *Mahanoy Area Sch. Dist. v. B.L. by and through Levy*, 594 U.S. 180 (2021), speaks for itself, and Defendants deny any allegations that misconstrue that case.

116. The allegations in Paragraph 116 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117. The allegations in Paragraph 117 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117.

118. The allegations in Paragraph 118 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118. Defendants further deny that Plaintiff is entitled to any relief.

119. Defendants incorporate the responses in the Paragraphs above.

120. The allegations in Paragraph 120 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 120. Further answering, the case cited by Plaintiff speaks for itself, and Defendants deny any allegations that misconstrue that case.

121. The allegations in Paragraph 121 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121. Further answering, the case cited by Plaintiff speaks for itself and Defendants deny any allegations that misconstrue that case.

122. The allegations in Paragraph 122 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123. The allegations in Paragraph 123 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123.

124. The allegations in Paragraph 124 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125. Any allegations not specifically answered, including those contained in any titles, footnotes, or section headers, are hereby denied.

126. Defendants deny that Plaintiff is entitled to any relief in this matter

127. Defendants deny all allegations in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.
2. Plaintiff's suit is barred by the Eleventh Amendment.
3. Plaintiff lacks standing.
4. Plaintiff's statements and actions were not protected by the First Amendment.

5. The challenged actions do not violate the United States Constitution.

6. Plaintiff has not been deprived of any federal constitutional or statutory rights.

7. The doctrine of judicial restraint precludes Plaintiff's claims.

8. The principle of constitutional avoidance bars Plaintiff's claims.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to supplement this Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered Plaintiff's Complaint, Defendants request that this Court dismiss Plaintiff's claims, with prejudice, and that Plaintiff be awarded no relief, no costs, and no fees.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

*/s/ Gregory Rustico*
GREGORY RUSTICO (0104103)
JULIE M. PFEIFFER* (0096762)
    **Counsel of Record*
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Gregory.Rustico@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties have access to this filing through the Court's system.

*/s/ Gregory Rustico*
GREGORY RUSTICO (0104103)
Assistant Attorney General