**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GUY CHRISTENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-01062 |
| | ) | |
| v. | ) | Judge Sargus |
| | ) | Magistrate Judge Vascura |
| RAVI BELLAMKONDA., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**PLAINTIFF'S UNOPPOSED MOTION TO CONVERT THE JANUARY 14, 2026**
**PRELIMINARY INJUNCTION TO A PERMANENT INJUNCTION**

---

Plaintiff Guy Christensen respectfully requests that this Court convert its January 14, 2026 Preliminary Injunction Order, ECF No. 36 ("PI Order"), into a permanent injunction. Pursuant to an agreed resolution of this matter between the parties, Defendants have been advised of the nature of the relief requested in this motion, and do not oppose that relief.

The PI Order was issued after full discovery, legal briefing, and oral argument. As there are no material facts in dispute, Plaintiff does not request an evidentiary hearing. The parties also have reached agreement regarding fee and cost recovery; accordingly, Plaintiff requests that this Court retain jurisdiction only insofar as may be necessary to enforce a permanent injunction.

Respectfully submitted,

/s/ David J. Carey
David J. Carey          (0088787)
Carlen Zhang-D'Souza (0093079)
ACLU of Ohio Foundation, Inc.
1108 City Park Avenue, Suite 203

Freda J. Levenson    (0045916)
Amy Gilbert          (0100887)
ACLU of Ohio Foundation, Inc.
4506 Chester Avenue

Columbus, Ohio 43206
(380) 215-1972
dcarey@acluohio.org
czhangdsouza@acluohio.org

Cleveland, Ohio 44103
(216) 541-1376 (Levenson)
(216) 770-6704 (Gilbert)
flevenson@acluohio.org
agilbert@acluohio.org

*Counsel for Plaintiff Guy Christensen*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GUY CHRISTENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:25-cv-01062 |
| | ) | |
| v. | ) | Judge Sargus |
| | ) | Magistrate Judge Vascura |
| RAVI BELLAMKONDA., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO CONVERT THE JANUARY 14, 2026 PRELIMINARY INJUNCTION TO A PERMANENT INJUNCTION**

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Guy Christensen filed the Complaint in this action on September 17, 2025, seeking declaratory and injunctive relief for violations of his First Amendment right to free speech and his Fourteenth Amendment right to due process. *See generally* Compl., ECF No 1. Mr. Christensen alleged that officials of the Ohio State University ("OSU") involuntarily disenrolled him for engaging in protected political speech without an opportunity to be heard. *Id.* On September 19, 2025, he filed a Motion for Preliminary Injunction ("PI Motion"), requesting expungement of any mention of his involuntary disenrollment, or the reasons for it, from his academic record, and enjoining Defendants from making any equivalent representation through other means. *See* ECF No. 8 at PAGEID # 105. Discovery commenced shortly thereafter, with exchange of initial disclosures on October 7, 2025. *See* Scheduling Order, ECF No. 20, at PAGEID # 198. The parties completed written discovery and depositions by December 5, 2025, *see id.*, and subsequently completed briefing on the PI Motion.

1

The parties agreed that there were no material facts in dispute, and that the matter could be submitted on the papers and at oral argument. *See* PI Hearing Transcript, ECF No. 37 at PAGEID # 1463:1–3; Stipulation, ECF No. 29; PI Order, ECF No. 37 at PAGEID # 1440 n.2. This Court held a preliminary injunction hearing on January 12, 2026, consisting of oral argument only. On January 14, 2026, the Court granted Plaintiff's PI Motion and entered a preliminary injunction (the "PI Order") as follows:

> The Court **ORDERS** Defendants to expunge any mention of involuntary disenrollment from Mr. Christensen's academic transcript at OSU and **ENJOINS** Defendants from making any equivalent representation through academic records or other means no later than 10 days from the date of this Order.

PI Order at PAGEID # 1460.

The parties subsequently undertook settlement discussions, which have been successful. Pursuant to an agreed resolution, Plaintiff respectfully requests that this Court convert its PI Order to a permanent injunction, and Defendants do not oppose.

Plaintiff incorporates by reference the substance of his preliminary injunction motion in this matter, including all supporting evidence and argument. *See* PI Motion, ECF No. 8; Reply, ECF No. 32; PI Order, ECF No. 36; PI Hearing Transcript, ECF No. 37.

## ARGUMENT

### I. The PI Order Is Perfectly Suited to Conversion as a Procedural Matter

"Where there are no triable issues of fact remaining to be resolved, the Court may properly convert a preliminary injunction to a permanent injunction without an evidentiary hearing." *United States v. Graham*, No. 1:03-cv-96, 2007 WL 4365404, at *2 (S.D. Ohio Dec. 10, 2007) (citing *United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983)). To do so has specifically been deemed appropriate in the Sixth Circuit where "[t]he main issue … is a purely legal question[.]" *McGee*, 714 F.2d at 613. While at least one instance does exist of reversal of a conversion, that occurred

only because disputes of material fact remained, the defendant had not had an opportunity for discovery, and the district court had consolidated preliminary and permanent injunction proceedings without clear notice to the defendant. *See, e.g.*, *United States v. Owens*, 54 F.3d 271, 276–77 (6th Cir. 1995) (in the absence of a dispute of fact, conversion is appropriate).

No such concerns exist here. The parties have completed fulsome document discovery and depositions, have repeatedly disavowed any dispute of material fact, and have fully briefed and argued the array of pure legal issues before the Court, including extensive submission of evidence. *See* Fed. R. Civ. P. 65(a)(2) (even where consolidation with full merits is not ordered before or at a preliminary injunction hearing, "evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial"). Defendants have been advised of this motion and do not oppose.

The PI Order is therefore appropriate for conversion.

## II.     The PI Order Makes All Necessary Findings to Support a Permanent Injunction

The standard for a permanent injunction is essentially identical to a preliminary injunction, except that the movant must show actual success on the merits rather than a likelihood. *E.g.*, *ACLU of Ky. v. McCreary Cty., Ky.*, 607 F.3d 439, 445 (6th Cir. 2010). Here, Plaintiff "is entitled to a permanent injunction if [he] can establish that [he] suffered a constitutional violation and will suffer continuing irreparable injury" absent injunctive relief. *Id.* (cleaned up).

This Court's January 14, 2026 PI Order recounts the undisputed material fact record in essential detail, including the substance of Plaintiff's social media statements, OSU's decision to suspend and subsequently disenroll him, OSU's stated reasoning for the disenrollment, and OSU's subsequent denial of Plaintiff's petition for reinstatement. ECF No. 36 at PAGEID # 1433–39. From there, the PI Order resolves each of the disputed points of law in this matter, namely:

3

- Plaintiff engaged in protected speech. Specifically, the Rodriguez Video did not constitute incitement under *Brandenburg v. Ohio*, 395 U.S. 444 (1969), and its progeny. PI Order at PAGEID # 1442–46. Further, "[e]ven assuming" that the substantial or material disruption standard of *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969) were to apply at the university level for off-campus speech, "the facts of this case do not support the conclusion that Defendants' forecast of substantial disruption was reasonable." PI Order at PAGEID # 1446–50.

- Defendants took adverse action against Plaintiff sufficient to "deter a person of ordinary firmness from engaging in protected speech[,]" by disenrolling him. *Id.* at PAGEID # 1450.

- Defendants' adverse action was causally related to Plaintiff's protected speech, which was a "motivating factor" in his disenrollment. *Id.* at PAGEID # 1450–52.

- Defendants deprived Plaintiff of a protected interest in life, liberty, or property: his access to higher education. *Id.* at PAGEID # 1453.

- Plaintiff "did not receive notice or an opportunity to be heard before his dismissal." *Id.* at PAGEID # 1455. The evidence "does not support concluding that emergency circumstances existed such that Defendants' failure to hold a hearing before Mr. Christensen's disenrollment was justified." *Id.* Further, the applicable balancing inquiry under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) "support concluding that the process related to Mr. Christensen's disenrollment was constitutionally deficient." PI Order at PAGEID # 1456.

- Plaintiff "has demonstrated irreparable harm." *Id.* at PAGEID # 1457–58.

- No substantial harm will result to others from injunctive relief, and the public interest favors the vindication of Plaintiff's constitutional rights. *Id.* at PAGEID # 1458–59.

4

These legal determinations and the undisputed fact record easily support a permanent injunction in this matter. The Court has, in effect, already acknowledged all factual and legal premises that would support permanent relief. Plaintiff has suffered two constitutional violations— retaliation for First Amendment protected speech, and deprivation of a protected interest without due process—and absent injunctive relief to protect his record, will suffer continuing irreparable injury. *See ACLU of Ky.*, 607 F.3d at 445.

### III.     Permanent Injunctive Relief Will Resolve All Claims

The requested permanent injunctive relief will resolve all of Plaintiff's claims for relief in this action. Plaintiff does not request that this Court retain jurisdiction in this matter, except as may be necessary to enforce the injunction.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court convert its January 14, 2026 preliminary injunction into a permanent injunction. A proposed order is filed herewith.

Dated: Dated: July 13, 2026

Respectfully submitted,

/s/ David J. Carey

| | |
|---|---|
| David J. Carey          (0088787) | Freda J. Levenson    (0045916) |
| Carlen Zhang-D'Souza (0093079) | Amy Gilbert           (0100887) |
| ACLU of Ohio Foundation, Inc. | ACLU of Ohio Foundation, Inc. |
| 1108 City Park Avenue, Suite 203 | 4506 Chester Avenue |
| Columbus, Ohio 43206 | Cleveland, Ohio 44103 |
| (380) 215-1972 | (216) 541-1376 (Levenson) |
| dcarey@acluohio.org | (216) 770-6704 (Gilbert) |
| czhangdsouza@acluohio.org | flevenson@acluohio.org |
| | agilbert@acluohio.org |

*Counsel for Plaintiff Guy Christensen*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *David J. Carey*
David J. Carey       (0088787)
*Attorney for Plaintiff*